[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14197
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 90-00130-CR-J-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CONNIE LEE LYONS,
a.k.a. Dump,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 1, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Connie Lee Lyons, proceeding pro se, appeals the district court's order

denying his 18 U.S.C. § 3582(c)(2) motion for sentence reduction, based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. On appeal, Lyons argues that he was eligible for a reduction pursuant to Amendment 706, and the district court erred in denying his § 3582(c)(2) motion on the ground that his sentence was based upon an enhanced statutory mandatory life term of imprisonment. Moreover, he contends, the government's 21 U.S.C. § 851 information, which was filed during his trial and notified him of the government's intent to seek enhanced penalties, was defective. In addition, he asserts that the district court had the authority to reduce his sentence pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and that his sentence was enhanced based on facts not found by the jury, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if" a retroactive amendment applies to the defendant, but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Here, Lyons was sentenced based on a range that was determined by application of a statutory mandatory life term of imprisonment, resulting in a sentence that was ultimately based on something other than the crack cocaine offense level calculation. See U.S.S.G. § 5G1.1(b). Accordingly, Amendment 706 did not affect his sentencing range, and the district court correctly found that he was precluded from a sentence reduction under § 3582(c)(2). See United States v. Williams, 549 F.3d 1337, 1339-42 (11th Cir. 2008).

As to Lyons's remaining arguments, we have made clear that: (1) where a defendant is not eligible for sentence reduction under the Amendment, Booker does not provide an independent basis for relief, United States v. Jones, 548 F.3d

3

1366, 1369 (11th Cir. 2008), <u>cert. denied</u>, 129 S.Ct. 1657 (2009); and (2) "<u>Booker</u> and <u>Kimbrough</u> do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission," <u>United States v. Melvin</u>, 556 F.3d 1190, 1192-93 (11th Cir.), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664).  Moreover, we have held that "a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a <u>de</u> <u>novo</u> resentencing," and "<u>all</u> original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  <u>United States v. Bravo</u>, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in original).  As a result, we affirm.

**AFFIRMED.**

4